UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **FAITH JOHNSON** | ) | |
| | ) | **CASE NO.:** |
| **Plaintiff,** | ) | |
| | ) | **COMPLAINT AND** |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **PFIZER, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Faith Johnson, who brings this action for damages against Defendant, Pfizer, Inc., by and through undersigned counsel, who alleges and state the following:

## PARTIES

1. Plaintiff, Faith Johnson, is a person of the full age of majority and a resident and domiciliary of Jefferson Parish, State of Louisiana.

2. At all times pertinent, Plaintiff was domiciled in Metairie, Louisiana and was a citizen of Jefferson Parish in the State of Louisiana, which is located within the district of the United States District for the Eastern District of Louisiana.

3. Pfizer, Inc. (hereinafter referred to as "Pfizer" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York.

4. Defendant regularly conducts business within the State of Louisiana and derives substantial revenues from drugs consumed in the State of Louisiana. At all times material hereto, Defendant was engaged in the business of manufacturing, promoting,

marketing, distributing and selling pharmaceutical drugs, including the drug Lipitor, which is distributed throughout the State of Louisiana and within the Eastern District of Louisiana.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332 as full diversity of citizenship exists among the parties. Furthermore, the amount in controversy is substantially in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Additionally, a significant part of the omissions giving rise to the Plaintiff's claims happened within the United States District Court for the Eastern District of Louisiana and Defendants are subject to personal jurisdiction in this district.

6. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Louisiana.

## STATEMENT OF THE CASE

7. This is an action brought by Faith Johnson, for the injury she suffered, as a result of her ingestion of Pfizer's drug, Lipitor, which caused her to develop type 2 diabetes. Ms. Johnson's type 2 diagnosis is a direct and proximate result of the wrongful conduct of Pfizer in designing, developing, manufacturing, testing, distributing, labeling, advertising, marketing, promotion, and selling an unsafe prescription cholesterol-reducing drug, Lipitor.

8. Plaintiff brings this action to recover medical and other expenses and all general and special damages related to her development of type 2 diabetes, and for general and specific future damages, and such other relief as requested herein for injuries suffered

as a direct result of Faith Johnson's ingestion of Lipitor. At all times pertinent, Plaintiff used Lipitor in a manner and dosage recommended by Pfizer and prescribed by her doctor.

## FACTUAL ALLEGATIONS

9. The drug "atorvastatin calcium," is manufactured, promoted, distributed, labeled and marketed by Pfizer under the trade name Lipitor. It is a HMG-CoA redutase inhibitor and a member of the class of drugs known as "statins."

10. Lipitor is prescribed to lower cholesterol and other fatty substances in the blood. Lipitor, like other statins, works primarily by blocking an enzyme in the liver responsible for producing cholesterol.

11. Pfizer's predecessor in interests, Parke-Davis Pharmaceutical Research, a division of Warner-Lambert Company, received approval for Lipitor by the Food and Drug Administration ("FDA") on December 17, 1996. Following FDA approval of Lipitor, Warner-Lambert entered into a co-marketing agreement with Pfizer to distribute and sell Lipitor throughout the United States in 1997. Subsequently, on June 19, 2000, Pfizer acquired Warner-Lambert along with all rights to design, manufacture, advertise, analyze, assemble, compound, develop, distribute, inspect, label, test, promote, market and sell Lipitor.

12. Pfizer placed Lipitor into the stream of worldwide commerce and interstate commerce in the United States and the State of Louisiana. Pfizer did so without adequate testing and with inadequate or no warning that the use of Lipitor carried with it the risk of causing and/or developing type 2 diabetes. Despite knowledge that Lipitor use is linked to the development of type 2 diabetes and/or increased blood

glucose levels diagnostic for type 2 diabetes, Pfizer promoted and marketed Lipitor as safe and effective for person such as Faith Johnson throughout the United State, including the State of Louisiana.

13. In February 2012, Pfizer revised the Warnings and Precautions Section of its Lipitor label to include the following language: "Increase in HbA1c and fasting serum glucose levels have been reported with HMG-CoA reductase inhibitors, including LIPITOR."

14. Prior to this addition, Lipitor's label never contained any warning concerning an association between Lipitor and elevated blood glucose levels.

15. Notwithstanding the February 2012 label change, Lipitor's label continues to fail to adequately warn consumers of the serious risk of developing type 2 diabetes associated with the risk of the use of Lipitor.

16. At all pertinent times, Pfizer knew or should have known that the risks associated with Lipitor included the development of type 2 diabetes along with the risk of developing severe and life-threatening diabetic complications.  Yet despite this knowledge Pfizer, by and through its agents, servants, and/or employees failed to adequately warn physicians and consumers, including Faith Johnson, of the risk of developing type 2 diabetes.

17. Furthermore, at all pertinent times, Pfizer, by and through its agents, servants, and/or employees negligently, recklessly, and/or carelessly marketed, distributed, and/or sold Lipitor without adequate testing and with inadequate or no warning that the use of Lipitor carried with it serious side effects and unreasonably dangerous risks, including, but not limited to, the development of type 2 diabetes.

18. Pfizer failed and continues to fail to warn and disclose to Plaintiff, other consumers, and healthcare providers that Lipitor significantly increases a patient's risk of developing type 2 diabetes.

19. Plaintiff, Faith Johnson, was prescribed Lipitor in order to lower her low-density lipoprotein ("LDL") cholesterol levels.

20. Plaintiff began taking Lipitor as directed and prescribed to the best of Plaintiff's current knowledge and recollection sometime in 2011.

21. Plaintiff agreed to initiate LIPITOR treatment, relying on claims made by Pfizer that Lipitor has been clinically shown to lower LDL levels and reduce the risk of developing heart disease.

22. Subsequently, on or about September 18, 2012 Plaintiff was diagnosed with type 2 diabetes while still actively taking Lipitor.

23. Due to becoming diabetic, Plaintiff must now undergo regular testing of her blood glucose levels, follow a restrictive diabetic diet, and take additional medication to regulate her diabetes.

24. Had Pfizer properly warned Plaintiff of the risk associated with the use of Lipitor, Plaintiff would have avoided the risk of developing type 2 diabetes by either not using Lipitor or by diligently monitoring her blood glucose levels.

25. As a direct, proximate, and legal result of Pfizer's negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of the drug Lipitor, Plaintiff, Faith Johnson, has suffered severe and permanent physical and emotional injuries, and disabilities including, but not limited to, being diagnosed with type 2 diabetes.  Furthermore, Plaintiff has endured pain and suffering, suffered economic

loss, including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future.

## FRAUDULENT CONCEALMENT AND TOLLING

26. Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

27. The running of any statute of limitations has been tolled by reason of Defendant's fraudulent concealment. Defendant, through its affirmative misrepresentations and omissions, actively concealed from Plaintiff, Faith Johnson, and her physician(s) the true risks associated with the use of Lipitor.

28. As a result of Defendant's actions, Plaintiff and her physician(s) were unaware, and could not reasonably have known or have learned through reasonable diligence, that she had been exposed to the risks alleged herein and that those were the direct and proximate result of Defendants' acts and omissions

## COUNT ONE
## LOUISIANA PRODUCTS LIABILITY ACT ("LPLA")
## DESIGN DEFECT UNDER LSA-R.S. 9:2800.56

29. Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

30. At all times material to this action, Defendant was responsible for designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling and/or selling Lipitor.

31. Pfizer's prescription drug, Lipitor, is defective and unreasonably dangerous to consumers.

32. Lipitor is defective in its design or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

33. At all times mentioned herein, the drug Lipitor was not safe or suitable for the purposes for which Defendant, directly and indirectly, advertised, marketed, and promoted the drug at the time Defendant designed, manufactured, distributed, and sold the drug to Plaintiff and placed the drug into the stream of commerce.

34. Lipitor, sold to and used by the Plaintiff, was defective and unreasonably dangerous when it left control of the Defendant in one or more of the following ways:

    a) The risk associated with the use of Lipitor and developing type 2 diabetes far outweighed the utility derived from using the medication;

    b) Defendant failed to provide adequate warnings regarding the hazards associated with the use of Lipitor; and

    c) Defendant's product was defectively designed and unreasonably dangerous in design and composition in that other medications could achieve similar results without the risks presented by Lipitor.

35. In addition, at the time of the Lipitor used by Plaintiff left the control of the Defendant, there were practical and feasible alternative designs that would have prevented and/or significantly reduce the risk of Ms. Johnson's injuries without impairing the reasonably anticipated or intended function of the product. These safe alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk of Ms. Johnson's injuries without substantially impairing the product's utility.

36. As a direct and proximate result of Lipitor's defective design, Faith Johnson, has and will continue to suffer severe and permanent injuries and/or damages.

**COUNT TWO**
**LOUISIANA PRODUCTS LIABILITY ACT**
**DEFECT IN CONSTRUCTION OR COMPOSITION UNDER LA. R.S. § 9:2800.55**

37. As fully set forth herein, Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint.

38. The characteristic of Lipitor that renders it unreasonably dangerous in construction or composition existed at the time the product left the control of Pfizer or resulted from a reasonably anticipated alteration or modification of the product.

39. Defendant sold and/or distributed Lipitor in a condition that posed unreasonable risks from reasonably anticipated use of the product. Lipitor was expected to and did reach Faith Johnson without substantial change in condition from the time that it left the control of Pfizer.

40. Defendant designed, researched, developed, tested, inspected, produced, manufactured, analyzed, merchandised, packaged, advertised, promoted, labeled, distributed, marketed, and/or sold Lipitor in a condition which rendered the product unreasonably dangerous due to its propensity to lead to the development of type 2 diabetes. As such, Lipitor was unreasonably dangerous in construction and/or composition as provided for in La. R.S. §9:2800.55.

41. As a direct and proximate result of the Lipitor's defects in composition and/or construction, Faith Johnson suffered, and will continue to suffer, severe and permanent injuries and/or damages.

**COUNT THREE**
**LOUISIANA PRODUCTS LIABILITY ACT**
**INADEQUATE WARNING UNDER LA. R.S. §9:2800.57**

42. As if fully set forth herein, Plaintiff incorporates by reference, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

43. Pfizer knew, or in light or reasonably available knowledge, should have known that Lipitor was dangerous and caused serious side effects including the development of diabetes.  The ordinary user or consumer of Lipitor would not have realized such dangers.

44. Defendant neglected to provide Faith Johnson with any warning which could have been expected to catch the attention of a reasonably prudent person under similar circumstances who may have purchased Lipitor.  Furthermore, Defendant failed to provide warnings to Plaintiff which could accurately advise her or an ordinary consumer of the scope, severity and likelihood of serious injury resulting from the use of Lipitor.  Had such warnings been provided, Faith Johnson would have avoided the risk of diabetes by either not taking Lipitor or by closely monitoring her blood glucose levels.  As such, the severe and permanent injuries and/or damages sustained by Faith Johnson could have been avoided.

45. Defendant neglected to provide Faith Johnson and her prescribing physician(s) with adequate warnings to accurately advise her and such physician(s) of the increased propensity for developing type 2 diabetes resulting from the prescribing and ingesting of Lipitor.

46. As a direct and proximate result of Lipitor's defective and inappropriate warnings, Faith Johnson, suffered and will continue to suffer severe and permanent injuries and/or damages.

## COUNT FOUR
## LOUISIANA PRODUCTS LIABILITY ACT
## BREACH OF EXPRESS WARRANTY UNDER LA. R.S. §9:2800.58

47. As if fully set forth herein, Plaintiff incorporates by reference, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

48. At all times material herein, Defendant directly and indirectly manufactured, compounded, packaged, distributed, advertised, marketed, promoted, recommended, supplied, and sold Lipitor for the treatment of elevated cholesterol and prevention of heart disease, and placed Lipitor in the stream of commerce. In doing so, Pfizer expressly warranted to all foreseeable users of the drug, including Faith Johnson, directly and through her prescribing physicians(s), that Lipitor was safe and effective for its intended purpose.

49. Plaintiff reasonably relied, directly and through her prescribing physician(s), upon Defendant's skill, superior knowledge, and judgment upon the aforesaid express warranty provided by Defendant.

50. Upon being prescribed Lipitor, Faith Jonson's use of Lipitor was consistent with its intended purpose for which Defendant directly and indirectly advertised, marketed, and promoted Lipitor.  Additionally, Plaintiff's use of Lipitor was reasonably contemplated, intended, and foreseen by Defendant at the time of the distribution and sale of Lipitor by Defendant.  Therefore, Faith Johnson's use of Lipitor is within the scope of the express warranties issued by the Defendant.

51. Defendant breached the express warranties because Lipitor was not safe or fit for its intended uses and purposes.

52. As a direct and proximate result of Pfizer's breach of expressed warranty, Faith Johnson suffered, and will continue to suffer, severe and permanent injuries and/or damages.

## COUNT FIVE
## BREACH OF WARRANTY REDHIBITION

53. As fully set forth herein, Plaintiff incorporates by reference, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

54. Lipitor contains a vice or defect which renders it useless or its use so inconvenient that consumers would not have purchased it had they known about the vice or defect.

55. Pursuant to Louisiana Civil Code article 2520, a seller warrants the buyer against redhibitory defects, or vices, in the thing sold.  Lipitor which was sold and promoted by Pfizer possesses a redhibitory defect because it was not manufactured and marketed in accordance with  industry standards and/or is unreasonably dangerous, as described above, which renders Lipitor useless or so inconvenient that it must be presumed that had Faith Johnson would not have bought Lipitor had she known of the defects.

56. Defendant was aware of the substantial risks from using Lipitor but failed to fully disclose those risks to the Plaintiff.

57. In accordance with Louisiana Civil Code article 2445, Pfizer, as the manufacturer of Lipitor, is deemed to be aware of its redhibitory defects.

58. Had Faith Johnson been made aware of the defects contained in Lipitor, she would not have purchased Lipitor. The characteristics rendered Lipitor unfit for its intended purposes.

59. Defendant is liable to Plaintiff under the theory of redhibition as a consequence of the sale to Plaintiff of a product unfit for its intended use.

60. Faith Johnson is entitled to the return of purchase price paid, including, but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, pecuniary and non-pecuniary damages, as well as any other legal and equitable relief to which Plaintiff may be entitled.

## DAMAGES

61. As a result of the failures described herein, Faith Johnson has sustained substantial injuries, permanent disability and damages, including, but not limited to, severe and permanent bodily injury.

62. As a result of her injuries, Plaintiff has and will sustain the following non-exclusive damages including physical injuries, past, present, and future emotional distress; loss of enjoyment of life; past, present and future mental pain and suffering; inconvenience; past, present and future physical pain, suffering and disability; past, present and future medical expenses; economic damages; and other damages to be proven at the trial of this matter.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(a) that Plaintiff be granted a trial by jury in this matter;

(b) that the Court enter judgment against Defendant for all general and compensatory damages allowable to Plaintiff;

(c) that the Court enter judgment against Defendant for all other special damages allowable to Plaintiff;

(d) that the Court enter judgment against Defendant for all other relief sought by Plaintiff under this Complaint;

(e) that the Court render judgment in favor of the Plaintiff awarding all damages as prayed for herein, including attorney's fees, with all costs assessed against Defendant; and

(f) that the Court grant Plaintiff such other and further relief to which the Court deems just and appropriate.

Date: September 13, 2013

RESPECTFULLY SUBMITTED,

  _//s// Kevin P. Riché_____
John D. Sileo (La. Bar No.: 17797)
Kevin P. Riche' (La. Bar No.: 31939)
320 N. Carrollton Ave., Suite 101
New Orleans, LA 70119
Telephone:  (504) 486-4343
Attorneys for Plaintiff, Faith Johnson